| **Board of Mgrs. of Graceline Ct.** **Condominium v Ansary** |
|:---:|
| 2024 NY Slip Op 30027(U) |
| January 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158992/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ            PART           47

*Justice*

-----------------------------------------------------------------------------X

BOARD OF MANAGERS OF GRACELINE COURT
CONDOMINIUM,

                  Plaintiff,

- v -

NADER ANSARY, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, JOHN DOE #1 THROUGH
JOHN DOE #12

                  Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158992/2021 |
| MOTION DATE | 09/26/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for       JUDGMENT - FORECLOSURE & SALE     .

Upon the foregoing documents, it is

By order dated April 24, 2023 (NYSCEF Doc No 48) this court granted plaintiff's motion to reargue its motion for default judgement, and upon reargument granted a default judgement against all defendants and referred the issue of unpaid common charges and assessments exclusive of attorneys' fees, costs and disbursements to Special Referee Michael J. Roberts, who held a hearing on these issues. On June 12, 2023, the Special Referee issued his report and recommendations and plaintiff now moves to confirm the report pursuant to CPLR § 4403. The Special Referee's findings are substantially supported by the record and there is no basis to disturb his determinations. (*Bubul v. Port Parties*, 83 AD3d 517 [1st Dep't 2011]).

Accordingly, it is

ORDERED that the motion is granted; and it is further

**158992/2021 BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR
ANSARY ET AL
Motion No. 004**

**Page 1 of 10**

1 of 10

ORDERED that the Referee's Report be, and the same is, hereby ratified and confirmed in all respects; and it is further

ORDERED, that the subject condominium unit described in the Verified Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the condominium common charges lien, the expenses of the sale, and the 3 costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction on a Wednesday afternoon at 2:15 p.m. on the Portico of the Supreme Court building, 60 Centre Street, New York, NY, on a date to be set by the Court, by and under the direction of Michael J. Roberts, Esq., 805 Third Avenue, Rm. 2030, New York, New York 10022 (michaelrobertsesq@msn.com) (fiduciary ID 242907) who is hereby appointed Referee for that purpose; and it is further

ORDERED that, by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36, including Section 36.2 (d) ("Limitations on appointments based upon compensation"), but if she is disqualified from receiving such appointment pursuant to the provisions of Part 36, she shall notify this court forthwith; and it is further

ORDERED that, by accepting this appointment, the Referee certifies that she is familiar with the duties and responsibilities of a Referee to Sell, has experience in such area, and is fully capable of assuming, and prepared to assume, those duties and responsibilities, which are commensurate with her abilities; and it is further

ORDERED that attorneys or support staff in the appointee's office may perform tasks under the appointee's direct supervision [unless otherwise directed by the court], but all substantive appearances and reports must be made, performed, and created by the appointee; and it is further

**158992/2021 BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**  **Page 2 of 10**
**Motion No. 004**

2 of 10

ORDERED that, upon receipt of this order and UCS Form 872 (Notice of Appointment and Certification of Compliance), the Referee shall complete, execute, and return the Form 872 to the Fiduciary Clerk

ORDERED that, if it is anticipated that the referee's fees will exceed $750, the referee must apply [by letter] to the court for approval of such fees and the referee shall comply with Section 36.4 before such fees can be paid; and it is further

ORDERED that plaintiff is only authorized to pay the referee fees in excess of $750 upon receipt of an order by the court authorizing such payment; and it is further

ORDERED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by 4 RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable, to a date to be set by the Court; and it is further

ORDERED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**
**Motion No.  004**

**Page 3 of 10**

3 of 10

check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, then (i) the property shall immediately and on the same day be reoffered at auction; or (ii) the Referee may offer the property to the next highest successful bidders from the original auction; and it is further

ORDERED that the sale shall be conducted on the following terms, public notice of which shall be given by the Referee in the *New York Law Journal*; and it is further

ORDERED that promptly after the conclusion of said sale, in accordance with law, the Referee shall file with the Clerk of the Court a report of the sale and all of the Referee's proceedings in connection therewith; and it is further

ORDERED that such filing with the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR**                    **Page 4 of 10**
**ANSARY ET AL**
**Motion No.  004**

4 of 10

ORDERED that the Referee then deposit the balance of said proceeds of sale in his own name as Referee in his IOLA account per CPLR 2609 and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b),

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $217,321.69, together with any advances as provided for in the Condominium's Bylaws or at law which Plaintiff has made for taxes, insurance and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, including but not limited to condominium common charges and/or assessments accruing and

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**                                        **Page 5 of 10**
**Motion No.  004**

5 of 10

becoming due after June 1, 2023 and through the date of sale and which were not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest and/or late fees thereon as adjudged by the Referee, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $1,390.00 adjudged to the Plaintiff for costs and disbursements in this action as reflected in Plaintiff's Bill of Costs submitted on this motion for judgment of foreclosure and sale, with interest at the statutory judgment rate from the date of entry of this judgment;

Attorney Fees: $19,811.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the 7 New York County Clerk of Court by the Referee conducting the sale within ten days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR**                    **Page 6 of 10**
**ANSARY ET AL**
**Motion No.  004**

6 of 10

[* 6]

by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff each of the amounts due as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against NADER ANSARY in accordance with RPAPL 8 §1371 if permitted by law; and it is further

ORDERED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR §§317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**
**Motion No. 004**

**Page 7 of 10**

7 of 10

ORDERED that, after the sale shall have been confirmed by this court and final judgment entered, the Referee shall execute and deliver a deed or deeds of the premises sold to the purchaser(s) at the sale, upon compliance with the conditions for the delivery thereof; and it is further

ORDERED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules 9 regarding handling of Surplus Monies; and it is further

ORDERED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**
**Motion No. 004**

**Page 8 of 10**

8 of 10

ORDERED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED that all foreclosure auctions shall be held on the on the Portico of the New York County Supreme Court building, 60 Centre Street, New York, NY, "Rain or Shine." This information shall be stated in the Notice of Sale; and it is further

ORDERED that the Auction Part clerk of the Court shall set an approved date and time of all foreclosure auctions following entry of this Judgment; and it is further

ORDERED that the Court Appointed Referee shall submit the Notice of Sale through the NYSCEF System at least 10 days prior to the date of the Foreclosure Auction; and it is further

ORDERED that the Notice of Sale shall specify that if proper social distancing cannot be maintained or there are other health or safety concerns, then the Court Appointed Referee will cancel the Foreclosure Auction; and it is further

ORDERED that at the conclusion of the Foreclosure Auction and sale of the subject property, the Court Appointed Referee and successful third-party bidder shall memorialize the sale by completing, executing, and filing a Memorandum of Sale with the Court. The Memorandum of Sale shall include the following information: Index number; name and address of the purchaser; address of the subject property; names of the Parties and Court Appointed Referee; the upset price; the final bid and final sales price; the amount of down payment; and an indication of whether any surplus money may be realized; and it is further

ORDERED that the Court Appointed Referee shall promptly submit to the Court, on the day of the Foreclosure Auction, the Fiduciary Form and the Memorandum of Sale at the Clerk's office, via email to SFC-Foreclosures@nycourts.gov; and it is further

**158992/2021   BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**
**Motion No.  004**

**Page 9 of 10**

9 of 10

ORDERED that within 30 days of the closing of the subject property the Court Appointed Referee shall complete and submit, through the NYSCEF System, a Surplus Monies Form, should the County in which the sale was conducted require one, after which time the Court Appointed Referee will receive his/her compensation for conducting the foreclosure sale; and it is further

ORDERED that the purchaser or purchasers of the property or any part thereof at the auction sale shall be let into possession, and each person upon whom this judgment is binding who may be in possession of the property, or any part thereof, shall deliver possession thereof to the purchaser or purchasers on production of the Referee's deed and, on demand of the purchaser or purchasers, the parties hereto shall deliver thereto all deeds, titles, or writings under the control of such party that relate to ownership of the property purchased by the purchaser or to any part thereof.

20240105160509PG0ETZIE879131D25134899A2A90D62A80F98FD

| 1/5/2024 | |
| --- | --- |
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158992/2021  BOARD OF MANAGERS OF GRACELINE COURT CONDOMINIUM vs. NADAR ANSARY ET AL**
**Motion No. 004**

**Page 10 of 10**

10 of 10